NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN RODRIGUEZ, MARCELINO MARTE, and JESUS RODRIGUEZ, on behalf of themselves and all similarly situated individual employees and former employees of Canada Dry Bottling Company of New York, L.P., <br><br> *Plaintiffs*, <br><br> v. <br><br> CANADA DRY BOTTLING COMPANY, L.P., ABC CORPORATION (1-20), XYZ CORPORATION (1-20), JOHN DOES (1-10), and JANE DOES (1-10), <br><br> *Defendants*. | Civil No.: 14-6897 (KSH) (CLW) <br><br><br> **Opinion** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Ivan Rodriguez, Marcelino Marte, and Jesus Rodriguez ("plaintiffs") filed suit against Canada Dry Bottling Company, L.P. ("Canada Dry"),[1] alleging that it violated federal and state laws by not paying them, as its employees,[2] minimum wage and overtime, making unlawful deductions from their wages, failing to maintain employment records, and not allowing them to participate in certain employee benefit programs Canada Dry offers. (D.E. 1 ("Compl.").)  Before

---

[1] Canada Dry Bottling Company of New York, L.P., notes, in its moving brief, that plaintiffs incorrectly identified it in the complaint as Canada Dry Bottling Company, L.P.
[2] Canada Dry indicates that the Court must take the complaint's facts as true and, thus, does not argue that plaintiffs are properly classified as independent contractors instead of employees. It, however, preserves this argument.

the Court now is Canada Dry's partial motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  (D.E. 7.)  As set forth below, that motion will be granted.

## II.    Background

The Court derived the following facts from plaintiffs' complaint and accepts them as true for the purposes of this motion to dismiss.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)  Canada Dry is a limited partnership of the State of New York, that bottles and distributes soft drinks throughout New Jersey and New York.  (Compl., ¶¶ 6-9, 14.)  It employed plaintiffs as "route salesmen/drivers."  According to plaintiffs, they worked out of the bottling and distribution facility ("the facility") located in Hackensack, New Jersey.  (*Id.* ¶ 15.)  Plaintiffs allege their duties were "to deliver, unload, display and merchandise beverages packaged in cans and bottles ('the Product') that Canada Dry advertises, markets, and distributes."  (*Id.* ¶ 16.)  The Court gleans from plaintiffs' complaint that Canada Dry divided New Jersey into territories between plaintiffs and other Canada Dry employees, which were called the plaintiffs' routes, thereby monitoring and limiting the businesses they could individually service.  (*Id.* ¶ 18.)

A typical work day for plaintiffs began with taking inventory of the Product that was loaded onto the trucks they used to make their deliveries.  (*Id.* ¶ 19.)  Plaintiffs would then deliver the Product for sale to the businesses on their respective routes.  (*Id.*)  They claim that they would stock the Product on the various businesses' shelves and build displays to market it to the public.  (*Id.*)  After they completed their deliveries and marketing efforts, plaintiffs would submit their daily sales data to Canada Dry.  In their complaint, plaintiffs allege that "Canada Dry would invariably take credits against the amounts due to Plaintiffs and would, in turn, deduct the Canada Dry credits from Plaintiffs' wages, salary and other form[s] of compensation."  (*Id.*)  Plaintiffs would also prepare the required paperwork for the following day's deliveries.  (*Id.*)  Plaintiffs

allege that often they were required to return to the businesses they made deliveries to that day in order to restock shelves and build displays. (*Id.*) They claim that they would also visit the stores on weekends to do the same, and to coordinate the upcoming week's deliveries. (*Id.*)

Throughout the course of their employment, plaintiffs assert that Canada Dry "retained control and direction" over their work, requiring them to wear company uniforms that displayed the Canada Dry logo and to "use and/or buy" trucks with the company's logo as well as other products distributed by Canada Dry. (*Id.* ¶¶ 20-22.) They also contend that Canada Dry set the hours of their employment and required them to attend mandatory meetings. (*Id.* ¶¶ 23, 24.) Plaintiffs claim that they could not take a day off for any reason without first obtaining Canada Dry's permission, and that they needed Canada Dry's consent to have a substitute drive their route on days they could not work. (*Id.* ¶¶ 25, 27.) Canada Dry also made plaintiffs obtain their own insurance for the vehicles and equipment they used that were owned by Canada Dry. (*Id.* ¶ 26.) According to plaintiffs, their work was not limited to their assigned territories because Canada Dry sometimes required them to make deliveries outside of those boundaries "at no extra pay." (*Id.* ¶ 28.)

Besides dictating their duties, plaintiffs also contend that Canada Dry mandated that they follow the directions of supervisors and management regarding deliveries, their timing, and pricing and workload. (*Id.* ¶ 29.) Canada Dry is also claimed to have instituted rules, policies, and procedures that plaintiffs were required to follow. (*Id.* ¶ 30.)

In November 2014, plaintiffs filed a five-count federal complaint against Canada Dry on behalf of themselves and all similarly situated individual and former employees. (Compl.) In count 1, they claim that Canada Dry violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by not paying them overtime wages and by "divert[ing], with[holding] or charg[ing]

directly against" their wages certain items as part of their employment. (*Id.* ¶ 34-48.)  Count two asserts a claim under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and mirrors count 1.  (*Id.* ¶¶ 49-63.)  Plaintiffs' third count is best construed as a common law claim against Canada Dry for the non-payment of "workers compensation, unemployment, holiday, sick and vacation pay, uniforms, truck expenses, insurance, equipment rental, contributions to employee benefit plans including medical, dental and retirement plans and other benefits to be determined."  (*Id.* ¶ 66.)  Count 4 asserts that Canada Dry violated unspecified federal and state laws, which the Court assumes to be the FLSA and NJWHL, by failing to maintain records regarding plaintiffs' work hours and other information.  (*Id.* ¶¶ 68-72.)  Plaintiffs' fifth count alleges that Canada Dry violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by denying them participation in any employee benefit plans it administers or maintains.  (*Id.* ¶¶ 73-79.)  Plaintiffs seek compensatory, punitive, liquidated damages, and attorneys' fees and costs in all counts.  Canada Dry filed the instant partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) on December 17, 2014.  [D.E. 7.]

**III.**   **Discussion**

    **A.**   **Standard of Review**

A pleading must contain a "short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A court must accept all facts alleged as true in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), but those facts must nonetheless "show that the claim is facially plausible."  *Fowler*, 578 F.3d at 210.  This permits a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Accusations that "the-defendant-unlawfully-harmed-me" and "naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*, 556 U.S. at 678

(citations and internal quotation marks omitted).  A complaint containing conclusory allegations without "further factual enhancement" will not survive a motion to dismiss, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," as opposed to facts showing misconduct, the motion will be granted.  *Id.* at 678-79 (citations and internal quotation marks omitted).

      **B.**      **Count 1's and Count 2's Unlawful Deductions**

Canada Dry first requests the Court to dismiss the claims in count 1 and count 2 alleging that it violated the FLSA and NJWHL by making impermissible deductions from plaintiffs' wages. Under the FLSA, every employer is required to pay its employees at least minimum wage, which is $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and if an employee works more than 40 hours in one week they are to be compensated at one and one-half times their normal rate of pay.  § 207(a)(1). An employer may deduct the costs of facilities that primarily benefit the employer so long as it does not reduce the amount earned by the employee below minimum wage.  29 C.F.R. § 531.35. Facilities that are primarily for the benefit of the employer include "tools of the trade and materials," "the cost of construction by and for the employer," or "the cost of uniforms."  § 531.3(d)(2).  The regulations governing the FLSA illustrate how this works:

> [I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

§ 531.35.

In their complaint, plaintiffs merely list the items that they allege Canada Dry deducted from their wages in violation the FLSA.  They claim the company "withheld or charged" them for truck rentals, truck maintenance, truck gasoline, truck insurance, equipment rental fees, insurance

for the Product, fees for display space of the Product in stores, charges for lost, damaged, or stolen product, discounts provided to customers by Canada Dry, and other expenses. (Compl., ¶ 45.) They provide no indication of what their weekly pay was or what they should have received as weekly pay absent the deductions. Nor do they offer an estimate regarding the costs deducted from their pay or any assertion that those deductions reduced their pay below minimum wage or overtime pay if they worked more than 40 hours in a given week. Plaintiffs simply state, in a conclusory manner, that "Canada Dry has wrongfully, willfully, deliberately, intentionally diverted, withheld and charged back monies owed to Plaintiffs in violation of federal wage and hour laws." (*Id.* ¶ 47.) These "naked assertions" need factual enhancements in order to permit the Court to infer Canada Dry's alleged deductions reduced wages below minimum wage or overtime pay. *See Zas v. Canada Dry Bottling Co. of N.Y., L.P.*, 2014 WL 3396486, at *1 (D.N.J. July 9, 2014) (Chesler, J.) (dismissing a claim for unlawful wage deductions under the FLSA without prejudice because plaintiffs failed to plead specific facts regarding the amount of their wages and whether the deductions reduced them below minimum wage).

Defendants also request dismissal of identical claims in count 2 insofar as they are made to establish violations of the NJWHL. Initially, plaintiffs recognize that count 2 mistakenly invokes NJWHL instead of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*, which regulates deductions from an employee's wages. *See* N.J.S.A. 34:11-4.4 (describing permissible deductions under from an employee's wages under the NJWPL). The NJWHL, in contrast, sets the amount for minimum wage and overtime rates. *See* N.J.S.A. 34:11-56a4. And, "[g]enerally, claims for failure to pay overtime are brought under the NJWHL, N.J, . . . whereas claims that wages have not been timely paid or that inappropriate deductions by the employer have been made . . . are brought under the provisions of the" NJWPL. *Mitchell v. C&S Wholesale*

*Grocers, Inc.*, 2010 WL 2735655, at *5 (D.N.J. July 8, 2010) (Irenas, J.); *see also Levy v. Verizon Info. Servs., Inc.*, 498 F. Supp. 2d 586, 596-97 (E.D.N.Y. 2007) ("To establish [a NJWPL claim], plaintiffs would be required to show that Verizon deducted monies from their earned wages and that such deductions are not permissible . . . ."); *Hyman v. WM Fin. Servs., Inc.*, 2007 WL 1657392, at *3 (D.N.J. June 7, 2007) (Martini, J.) (noting that plaintiffs brought a claim for impermissible wage deductions under the NJWPL).

Plaintiffs attempt to argue in their opposition brief that they set forth sufficient facts to state a claim under the NJWPL instead of the NJWHL. A plaintiff, however, "may not raise new claims in response to a motion to dismiss." *Josko v. New World Sys. Grp.*, No. 05-4013, 2006 WL 2524169, at *7 (D.N.J. Aug. 29, 2006) (Kugler, J.); *see also Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1255-56 (5th Cir. 1995) (refusing to address claim raised for first time in a response to a motion for summary judgment). The Court therefore will not consider plaintiffs' argument that they can shift into a NJWPL claim by making arguments in their brief.

"The court should freely give leave" for a plaintiff to amend his or her complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The lack of facts supporting plaintiffs' unlawful wage deduction claims are not so deficient that the Court finds them uncurable. Nor is it unfair to Canada Dry to permit plaintiffs to restate their claim for impermissible deductions under the proper statute in count 2. Plaintiffs' claims for impermissible deductions in count 1 and count 2 are dismissed without prejudice.

**C.     Count 4**

Count 4, which Canada Dry moves to dismiss in its entirety, alleges that Canada Dry violated the FLSA and NJWHL by failing to maintain records on wages, hours, and other items.

(Compl., ¶ 69.)  Canada Dry argues that neither the FLSA nor the NJWHL affords a plaintiff a private right of action for an employer's failure to maintain records.

Plaintiffs correctly note that the FLSA requires an employer to maintain records related to the hours an employee works and the wages earned, *see* 29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.2 (listing the specific records an employer must maintain), and that the NJWHL imposes a similar obligation.  *See* N.J.S.A. 12:56-4.3; *see also* N.J.A.C. 12:56-4.3.  But neither statute provides a private litigant with a cause of action for an employer's failure to maintain those records.  *Adami v. Cardo Windows, Inc.*, 2013 WL 3821466, at *4 (D.N.J. July 23, 2013) (Simandle, J.); *see also Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 38 (3d Cir. 1943) (finding that the Secretary of Labor has the sole right to bring an action to enforce the record keeping provision of the FLSA).

Plaintiffs argue that they can bring a cause of action for a failure to keep records under both acts because they may "rel[y] on such records to conclusively prove the exact time" they worked per day and per week.[3]  But the fact that plaintiffs may rely on the records or the lack of records to support their other FLSA and NJWHL wage claims does not give rise to a separate cause of action.  The Court finds that plaintiffs fail to state a claim in count 4 and, therefore, grants Canada Dry's motion to dismiss these claims with prejudice.

### D.  Count 1's Remaining Collective Action Claims

Canada Dry also seeks dismissal of the remainder of plaintiffs' FLSA claims in count 1 because plaintiffs failed to submit written notices of consent that are prerequisite to joining a collective action under the FLSA.

---

[3] Plaintiffs also contend that Canada Dry's failure to maintain records may provide the basis for a "'spoliation' inference."  The Court will not address this argument as it is entirely too premature at the motion to dismiss stage to consider whether a jury instruction regarding spoliation is appropriate.

The FLSA allows an employee to bring suit against an employer for unpaid wages individually or as a collective action, "in behalf of himself or themselves and other employees similarly situated." However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing . . . and such consent is filed in the court in which the action is brought." 29 U.S.C. § 216(b). Even a named plaintiff must file written consent before he or she are considered joined as a party to the collective action. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004); *see also Ochoa v. Pearson Educ., Inc.*, 2012 WL 95340, at *2 (D.N.J. Jan 12, 2012) (Cavanaugh, J.) ("[C]ollective actions under the FLSA are not considered commenced as to an individual claimant until that claimant files written consent to be a party-plaintiff.")

The named plaintiffs have not filed consents with the Court, nor have any members of the proposed collective action, and plaintiffs essentially concede this fact by foregoing any argument that the Court should allow them to maintain their collective action. Instead, they argue that they also brought their FLSA claims individually for which no consent need be filed.[4] The Court agrees.

According to the caption of plaintiffs' complaint, the action is brought "on behalf of themselves and all similarly situated individual employees." (Compl., ¶ 1.) The one case where a court determined that a plaintiff provided adequate notice of his intent to proceed individually was where the plaintiff, in the complaint, stated that the action was instituted "*individually* and on behalf of others." *Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) (emphasis added) (internal quotation marks omitted). Although not using the term individually,

---

[4] In effort to prove this, plaintiffs quote extensively, if not excessively from their complaint. The Court deciding a motion to dismiss must consider the allegations in the complaint, and as such, it does not require that the complaint be reproduced *in toto* in the parties' briefing.

the caption of the complaint makes clear that plaintiffs intend to bring their causes of action on behalf of "themselves" and others.  By using the term "themselves," plaintiffs manifest an intent to proceed individually.  And, throughout the complaint, the three named individuals consistently refer to themselves as plaintiffs, identified in the first lines of the complaint as "Ivan Rodriguez, Marcelino Marte, and Jesus Rodriguez."  (Compl.)  The plaintiffs have thus put Canada Dry and the Court on adequate notice that they intended to proceed in an individual capacity on the FLSA claims as well.

Canada Dry has consented in its motion papers that plaintiffs should receive time to file written consents.  The Court therefore grants Canada Dry's motion to dismiss plaintiffs' collective action claims without prejudice, and plaintiffs shall have 14 days to file the required written consents to maintain their collective actions.

### E. Count 3 and Punitive Damages

Canada Dry also moves to dismiss count 3 as preempted by ERISA and to strike plaintiffs' demands for punitive damages as unavailable under the FLSA, NJWHL, and ERISA.  As plaintiffs have withdrawn the contract claim expressed in count 3 as well as their demand for punitive damages, that motion is moot.

### IV. Conclusion

For the foregoing reasons, Canada Dry's partial motion to dismiss the specific claims discussed above is granted without prejudice.  An appropriate order will be entered granting plaintiffs time to amend.

Dated:  September 30, 2015

/s/ Katharine S. Hayden\_\_\_\_\_
Katharine S. Hayden, U.S.D.J.